UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Plaintiff,

    v.       CAUSE NO. 3:20-CV-589-DRL-MGG

M WITHAM, SHELTON, ABBY SIMPKINS,

    Defendants.

OPINION & ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Mr. Taylor alleges that on November 24, 2017, the toilet in his cell at Miami Correctional Facility (MCF) overflowed, causing water to pool on the floor. He pushed the button to notify correctional staff of the problem with the toilet, but they didn't immediately respond, and Mr. Taylor proceeded to go to sleep. About 40 minutes later, he got up to use the toilet and slipped on the water, fell, and hit his head. Correctional staff notified the medical unit, and Nurse Abby Simpkins responded, but Mr. Taylor claims that she did not give him any treatment for the bump on his head. He seeks monetary damages against Nurse Simpkins and two correctional officers who didn't respond to his initial complaint that his toilet had flooded.

Mr. Taylor signed his complaint on July 6, 2020, and it was electronically filed with this court on July 14, 2020. The underlying events he describes occurred on November 24, 2017. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The date on which the claim accrues, and the limitations period starts running, is the date when a plaintiff knows the fact and the cause of an injury. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Here, it is apparent that Mr. Taylor was aware of his injuries, and their cause, immediately as they occurred. Because he tendered his complaint for filing more than two years later, the complaint is untimely. Although the statute of limitations is ordinarily an affirmative defense, where it is clear from the face of the complaint that the action is untimely, dismissal at the pleading stage is appropriate. *See O'Gorman*, 777 F.3d at 889; *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That is the case here.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). It appears unlikely that Mr. Taylor can overcome the statute of limitations barrier if given another opportunity to plead his claims. However, in the interest of justice, the court will allow him to amend his complaint if, after reviewing this court's order, he believes that he can state a timely claim for relief against these defendants, notwithstanding this time bar. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **September 4, 2020** to file an amended complaint if he so wishes; and

(2) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

August 10, 2020 　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court