UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>M WITHAM, SHELTON, ABBY SIMPKINS,<br><br>    Defendants. | CAUSE NO. 3:20-CV-589-DRL-MGG |

OPINION & ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF 6. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court bears in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

As with his original complaint, Mr. Taylor alleges that, on November 24, 2017, he slipped on some water in his cell at Miami Correctional Facility (MCF) and hit his head. He claims that two correctional officers and a nurse failed to provide medical treatment for a "knot" on his head "the size of a golf ball." As the court explained in the original screening order (ECF 5), Mr. Taylor filed his complaint in July 2020, well after the two-year statute of limitations applicable to actions under 42 U.S.C. § 1983. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In the interests of justice, the court afforded him an opportunity to file an amended complaint. He has now done so, and explains that he originally filed an action complaining about the November 2017 incident in an earlier case. *See Taylor v. Hashnowsky*, No. 3:18-cv-955- DRL-MGG (N.D. Ind. closed June 18, 2020).[1] He states that he was told by the court in "July or August of 2019 to separate issue[s] which I did so this complaint was filed timely." ECF 6 at 1.

---

[1] The court takes judicial notice of the proceedings in the earlier case. The court can consider public court records in determining whether the complaint states a claim for relief. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

Although unclear, Mr. Taylor may be attempting to invoke the doctrine of equitable tolling. In § 1983 actions, federal courts must apply state equitable tolling provisions. *Bryant v. City of Chicago*, 746 F.3d 239, 243 (7th Cir. 2014). Indiana law allows for tolling the statute of limitations under the doctrine of "equitable estoppel." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019). This doctrine provides that if a party's actions prevent another party from obtaining the requisite knowledge to pursue a claim, then "equity will toll the statute of limitations until the equitable grounds cease to operate as a reason for delay." *Id.* (citation omitted). Equitable estoppel is typically linked to claims of fraudulent concealment, but the doctrine also applies to other conduct that "lulls a party into inaction." *Id.* (citation and internal alteration omitted).

Likewise, the Seventh Circuit has held that "a person is not required to sue within the statutory period if he cannot in the circumstances reasonably be expected to do so." *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993), *aff'd*, 512 U.S. 477 (1994). However, "[r]ather than giving the plaintiff an automatic extension of indefinite duration, no matter how much his carelessness or sloth may have contributed to the delay in the prosecution of his claim, the doctrine of equitable tolling gives the plaintiff just so much extra time as he needs, despite all due diligence on his part, to file his claim." *Id.* In other words, "[t]here must be diligence, and the diligence must continue up to the time of suit— you cannot be diligent for a year, and then wait another year to sue."[2] *Id.*

Upon review, the court concludes that Mr. Taylor is not entitled to equitable tolling, as he has not demonstrated that anyone lulled him into inaction or that anything prevented him from filing his lawsuit within the two year statute of limitations. The docket in the earlier case shows that Mr. Taylor filed that action in November 2018. *Taylor*, No. 3:18-cv-955, ECF 1. He complained about a variety

---

[2] The court was applying federal principles of equitable tolling but noted that, to the extent Indiana law did not provide for equitable tolling under the circumstances presented, federal principles would apply to ensure "the provision of a complete federal remedy under section 1983[.]" *Heck*, 997 F.2d at 358.

of separate incidents involving different defendants, including the November 2017 incident in which he slipped on some water. *Id.* On August 9, 2019, the court issued an order instructing him that he could not raise unrelated claims against unrelated defendants in the same lawsuit, and that he must decide which related claims he wanted to pursue in that case. *Id.*, ECF 18. The court further instructed him that if he wanted to pursue additional claims, he had to raise them in a new lawsuit. *Id.* On August 21, 2019, he filed an amended complaint asserting a claim pertaining to an incident occurring on July 12, 2018, in which prison staff allegedly failed to protect him from danger posed by another inmate. *Id.*, ECF 21.

As of the date of the court's August 2019 order instructing Mr. Taylor to separate his unrelated claims, he had more than three months remaining—until November 2019— to assert a claim about the November 2017 incident. This was more than enough time to file a new complaint if he acted diligently. He provides no explanation as to why he did not file within that deadline. Indeed, Mr. Taylor was able to file an amended complaint within a matter of weeks after the court's August 2019 order in the other case, albeit related to a different incident. He offers no explanation as to why he waited nearly a year after the court's order—until July 2020—to file a new complaint pertaining to the November 2017 incident.[3] Under these circumstances, equitable tolling would not apply.

Because it is apparent from the face of the amended complaint that Mr. Taylor's claim is untimely, this action must be dismissed under 28 U.S.C. § 1915A. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). The court has already afforded Mr. Taylor one opportunity to amend his complaint, and the court finds no basis to conclude that, if given another

---

[3] The court notes that Mr. Taylor filed seven other § 1983 lawsuits between August 2019 and July 2020. *See Taylor v. Porter*, No. 3:19-cv-600-JD-MGG (N.D. Ind. filed Aug. 7, 2019); *Taylor v. Kendall*, 3:19-cv-644-DRL-MGG (N.D. Ind. filed Aug. 14, 2019); *Taylor v. Porter*, 3:19-cv-650-PPS-MGG (N.D. Ind. filed Aug. 20, 2019); *Taylor v. Hamrick*, 3:19-cv-1021-DRL-MGG (N.D. Ind. filed Nov. 7, 2019); *Taylor v. Loshnowsky*, 3:19-cv-1041-DRL-MGG (N.D. Ind. filed Nov. 13, 2019).

opportunity, he could assert a timely claim against these defendants, consistent with the allegations he has already made. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A, and DIRECTS the clerk to close the case.

SO ORDERED.

September 8, 2020                                            *s/ Damon R. Leichty*
                                                             Judge, United States District Court